UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO CONTRERAS, <br><br> Plaintiff, <br><br> v. <br><br> MTC FINANCIAL, INC., et al., <br><br> DefendantS. | Case No.: C 10-5836 PSG <br><br> **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE AND RECOMMENDATION THAT REQUEST FOR TEMPORARY RESTRAINING ORDER BE DENIED** |

On December 22, 2010 Plaintiff filed this action in which he seeks a temporary restraining order staying an unlawful detainer action which is scheduled for trial in state court on January 3, 2011. Based on the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Judge. This case was initially assigned to a magistrate judge. However, magistrate judges have authority to consider and rule on requests for temporary restraining orders only in cases where all parties have consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(c)(1). No such consent has been provided.

IT IS FURTHER ORDERED that this court recommends that Plaintiff's request for a temporary restraining order be DENIED because his request for injunctive relief is barred by the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971).[1]

---

[1] Denial of the motion is also warranted based on Plaintiff's failure to comply with the requirements of this court's Civil Local Rule 65-1.

ORDER, *page 1*

The "policy objective behind *Younger* abstention is to 'avoid unnecessary conflict between state and federal governments.'" *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001) (citation omitted). *Younger* permits "'state courts to try state cases free from interference by federal courts,' particularly where the party to the federal case may fully litigate his claim before the state court." *See Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (quoting *Younger*, 401 U.S. at 43.) *Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

By his demand for relief, Plaintiff concedes that the first requirement in *Younger* abstention is satisfied.

With respect to the second requirement, district courts have routinely found that unlawful detainer actions represent a sufficient state interest to warrant *Younger* abstention. *See, e.g. McGlothin v. Santos*, No. L 5135996, 2008 WL 5135996, at *6 (E.D.Cal. Dec.8, 2008) (stating that "[t]he state has an important and substantial interest in overseeing, managing and adjudicating housing related issues," citing *Younger*, and abstaining in a case that would interfere with a state court unlawful detainer action). Property rights have historically been considered an area of state concern. *See Wong v. Astrue,* C 08-02432 SBA, 2008 WL 2051044, at *4 (N.D.Cal.2008) ("Here California has an important interest in protecting real property transfers and leasehold estates, which have historically and traditionally been the domain of the states, and not the federal government. Thus, the state interests here support the Court abstaining under *Younger*" ).

With respect to the third requirement for *Younger* abstention, a party "need be accorded only an opportunity to fairly pursue [his] constitutional claims in the ongoing state proceedings." *Juidice v. Vail*, 430 U.S. 327, 337 (1977). "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Communications Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). The burden rests with the plaintiff to show that he is procedurally barred from raising his federal claims in the state court proceedings. *See Pennzoil v. Texaco*, 481 U.S. 1, 14 (1987). Otherwise, there is a presumption that state courts provide an

1 adequate forum for the adjudication of federal claims. *Id*. at 15.  In the present case, Plaintiff has not
2 shown that he does not have the opportunity to fairly pursue his constitutional claims in the state
3 court proceedings.

4 Dated: *December 22, 2010*

　　　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.*** |
| 4 | |
| 5 | <u>copies mailed on</u>   *12/23/10*    to: |
| 6 | Antonio Contreras |
| 7 | 1041 Kimmel Street<br>Salinas, CA  93905 |
| 8 | |
| 9 |                                        */s/   Donna Kirchner      for*<br>                                      OSCAR RIVERA<br>                                      Courtroom Deputy |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |