UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO CONTRERAS,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>MTC FINANCIAL INC., et al.,<br><br>　　　　　　Defendants. | Case No.: 10-CV-05836-LHK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MATTER |

　　　　This matter came before the Court through a filing by Plaintiff Contreras, seeking a Temporary Restraining Order (TRO) enjoining an unlawful detainer action. The unlawful detainer action seeks to evict Mr. Contreras from his residence at 1041 Kimmel Street, Salinas, California, 93905 ("the Property") and is currently pending in the Superior Court of Monterey County, case number M109128. According to his request, Mr. Contreras seeks to enjoin a trial in the unlawful detainer action set for January 3, 2011 while he pursues an appeal of the state court's dismissal of certain claims in a related civil action, case number M106107. In the civil action, Mr. Contreras seeks to stay a foreclosure sale of the Property due to alleged violations of California law. *See* Dkt. No. 1, Ex. A at p. 24. This case was initially assigned to Magistrate Judge Paul S. Grewal, who has made a Report and Recommendation that the District Judge deny Mr. Contreras' request for a TRO. *See* December 22, 2010 Order (Dkt. No. 5). On December 27, 2010, Mr. Contreras filed an additional document seeking reconsideration of Judge Grewal's December 22, 2010 Order.

　　　　First, Mr. Contreras seeks a stay of the unlawful detainer action pending resolution of his appeal of the dismissal of certain of his claims by the Superior Court. Because his appeal is pending with the Sixth District Court of Appeal, that court is the more appropriate forum to seek this relief, if Plaintiff has not already done so. As discussed further below and in the December 22,

1

Case No.: 10-CV-05836-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MATTER

2010 Order, it appears that this Court has no jurisdiction to enter a stay of the state court unlawful detainer proceedings.

Second, the Court notes that Mr. Contreras' filings are not styled as a removal to federal court, and it does not appear to the Court that Mr. Contreras has thus far attempted to remove the unlawful detainer action. It appears that any attempt to remove to federal court is unlikely to succeed. Generally, federal courts have no original jurisdiction over unlawful detainer actions based on state law, unless the removing party can show that diversity jurisdiction is proper. *See, e.g.*, *Fannie Mae v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 U.S. Dist. LEXIS 134498 at *14-*15 (E.D. Cal. Dec. 17, 2010) (citing numerous district court decisions finding no federal question jurisdiction over unlawful detainer actions based on state law). Furthermore, pursuant to 28 U.S.C. § 1441(b), a defendant who is a state resident cannot remove based on diversity to a federal court in his state of residence. Therefore, it appears unlikely that the unlawful detainer action is removable to federal court. However, if Mr. Contreras wishes to remove it from state court, it is his burden to file a Notice of Removal and demonstrate a jurisdictional basis for removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal citations omitted); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("[T]he burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction").

Third, and finally, having reviewed the Report and Recommendation in the December 22, 2010 Order, the law referenced therein, as well as the record in this case, the Court finds that the Report and Recommendation is well-founded in fact and in law. Therefore, the Report and Recommendation is adopted in its entirety. The Court construes Mr. Contreras' filing of December 27, 2010 as an objection to Judge Grewal's Report and Recommendation under Federal Rule of Civil Procedure 72(a). The Court has reviewed this objection and finds that it fails to demonstrate that the recommendation is clearly erroneous or contrary to law. Accordingly, the Court DENIES the TRO request.

2

Case No.: 10-CV-05836-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MATTER

Because this is the only pending request in this matter, there are no other issues to be decided. Therefore, the Clerk shall CLOSE the file.

**IT IS SO ORDERED.**

Dated: December 28, 2010



_____
LUCY H. KOH
United States District Judge

3

Case No.: 10-CV-05836-LHK
ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MATTER